UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT MILLER**
    Plaintiff,

**VERSUS**

    Case No. 2:25-cv-13304

**GENERAL MOTORS, LLC,**
    Defendant

---

## COMPLAINT

**ROBERT MILLER** ("Plaintiff"), a person of the age of majority who resides and is a citizen of the State of Pennsylvania, by and through his attorney, alleges the following against **General Motors, LLC** ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Magnuson-Moss Warranty Act ("Warranty Act"), Chapter 15 U.S.C.A § 2301, *et. seq.*, breach of implied warranty of merchantability pursuant to the Magnuson-Moss Warranty Act, and *13 Pa. C.S.A § 2314, et seq.*

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), in that the Plaintiff claims more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendant who conducts business in the State of Michigan, including the Eastern District of Michigan.

4.     Venue is proper in this district under 28 U.S.C. §1391 because the Defendant resides in the Eastern District of Michigan; is subject to personal jurisdiction in this district and a substantial part of the events or omissions, namely the manufacturing of the subject Vehicle.

## CHOICE OF LAW

5.     The Vehicle was purchased in Pennsylvania, registered in Pennsylvania, and all warranty repairs were performed in Pennsylvania. Plaintiff resides in Pennsylvania. Pennsylvania has a significant relationship to this transaction because the Vehicle is registered, serviced, and used in Pennsylvania, and Plaintiff is a Pennsylvania resident. Accordingly, Pennsylvania law applies to Plaintiff's state-law claims, including those brought under *13 Pa.C.S.A. §§2314, 2608, 2714, and 2715*.

## PARTIES

6.     Plaintiff is an adult individual residing in Harveys Lake, Pennsylvania.

7.     Defendant, General Motors, LLC (hereinafter "GM" and/or Defendant) is a corporation qualified to do and regularly conducting business in the State of Michigan, with a registered principal place of business located at 300 Renaissance Center, Detroit, Michigan 48265.

8.     GM is engaged in the manufacture, sale and distribution of motor vehicles and related equipment and services. Defendant is also in the business of marketing, supplying and selling written warranties to the public at large through a system of authorized dealerships, including the dealership where the Plaintiff purchased the Vehicle and tendered the Vehicle for repairs.

## FACTUAL ALLEGATIONS

9.     On or about October 19, 2023, Plaintiff purchased a 2023 Chevrolet Silverado bearing the Vehicle Identification Number 3GCUDCED0PG364203 (hereinafter the "Vehicle").

10. The Vehicle was purchased in Pennsylvania, registered in Pennsylvania, and was presented for warranty repairs in Pennsylvania.

11. The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges totaled more than $55,630.00.

12. In consideration for the purchase of said vehicle, Defendant issued to the Plaintiff several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

13. The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the bargain between Defendant and the Plaintiff.

14. The parties' bargain included an express written warranty as well as other guarantees, affirmations and undertakings as stated in Defendant's warranty materials and owner's manual.

15. As a result of the ineffective repair attempts made by Defendant, through its authorized agents, the vehicle's use, value and safety have been impaired and the Plaintiff is unable to utilize the vehicle for its intended purposes.

16. The subject Vehicle is afflicted with certain defects, conditions and non conformities related to the Vehicle's transmission and battery.

17. Plaintiff delivered the Vehicle to Defendant's authorized service and repair facility, Valley Chevrolet ("Service Facility") located in 221 Conyngham Avenue Wilkes-Barre, PA 18703-00BA, from January 2, 2025, 2025 through April 25, 2025 for repairs.

18. The Plaintiff tendered the Vehicle for repair on multiple occasions for defects with multiple components. As a result, the Vehicle was out of service for an excessive number of days.

19. Upon information and belief therein, the aforementioned defects identified herein, existed at the time the Vehicle left the Defendant's control and are defects with materials and/or workmanship.

20. Upon information and belief, the vehicle remains in a defective and/or unreliable state and is impaired.

## CAUSE OF ACTION
### Breach of Warranty Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

23. Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4)-(5).

24. The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301 (6).

25. 15 U.S.C. § 2301(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

26. 15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiff.

27. Defendant has attempted to comply with the terms of its express warranties, implied warranties and contracts; however, its efforts through its authorized service and repair facilities, have failed to timely and/or properly make effective repairs.

28. Defendant has failed to remedy the Vehicle's defects identified herein within a reasonable time, and/or a reasonable number of attempts, thereby breaching the written warranty applicable to the Vehicle.

29. As a result of Defendant's conduct and/or failure to timely and/or properly repair the vehicle, Plaintiff suffered damages.

30. As a result of Defendant's actions, Plaintiff has been required to retain legal counsel to recover their damages as Defendant refused and continues to refuse to do so voluntarily.

31. The Magnuson-Moss Warranty Act, 15 U.S.C. §2310(d)(2) provides:

   a. If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiffs for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

32. Plaintiff has afforded Defendant a reasonable number of opportunities to conform the vehicle to the aforementioned express warranties, implied warranties and contracts.

33. As a direct and proximate result of Defendant's failure to comply with its express written, implied warranties and contracts, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

34. Plaintiff avers that upon successfully prevailing upon the Magnuson-Moss claim herein, all attorney fees and costs are recoverable and are demanded against Defendant.

## CAUSES OF ACTION
## Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq, and 13 Pa.C.S.A. §2314, et seq.

35. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

36. Defendant is a merchant with respect to motor vehicles.

37. The Vehicle was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308 and *13 Pa.C.S.A. § 2314,* running from the Defendant to the Plaintiff.

38. An implied warranty that the Vehicle was merchantable arose by operation of law as part of the purchase of the Vehicle.

39. Defendant breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when the Plaintiff purchased it, or at any time thereafter, and the subject vehicle is unfit for the ordinary purposes for which such vehicles are used.

40. Indeed, the Vehicle suffered from transmission and battery defects that prevented the Plaintiff from being able to properly use the Vehicle.

41. The persistent defects identified herein are unreasonably dangerous because it can cause the Vehicle to severely malfunction while the Vehicle is in operation at any time, thereby exposing the Vehicle's driver, passengers, and others who share the road with them to serious risk of accidents and injury or death.

42. Plaintiff notified Defendant of the defects in the Vehicle within a reasonable time after Plaintiff discovered them.

43.     As a result of Defendant's breaches of the implied warranty of merchantability, Plaintiff has suffered damages, including, but not limited to incidental and consequential damages, plus attorney fees and cost to recover same.

## DAMAGES

48.     Plaintiff seeks all damages allowed by law, including attorney fees and costs pursuant to the Magnuson-Moss Warranty Act ("Warranty Act"), Chapter 15 U.S.C.A § 2301, *et. seq*., breach of implied warranty of merchantability pursuant to the Magnuson-Moss Warranty Act, and 13 Pa.C.S.A..*§§ 2314, 2714, 2715*.

## PRAYER FOR RELIEF

**Wherefore, Robert Miller**, respectfully prays for judgment as follows:

a.   An award of damages of the difference between the value of the goods as accepted and the value they would have had if they met the warranty;

b.   Incidental and consequential damages as allowed by law;

c.   Compensatory damages as allowed by law;

d.   Attorney's fees and costs;

e.   Any other relief this Honorable Court deems appropriate.

**RESPECTFULLY SUBMITTED:**

**DUCK LAW FIRM, L.L.C.**

/s/ Kevin R. Duck
**KEVIN R. DUCK (LA23043)**
5040 Ambassador Caffery Parkway
Suite 200
Lafayette, Louisiana 70508
Telephone: (337) 406-1144
Facsimile: (337) 406-1050

**Attorney for Plaintiff,
ROBERT MILLER**